## UNITED STATES DISTRICT COURT NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| Howard J. Miller, et al. | ) Civil Action No. 1:20-cv-00132-DMT-CRH |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea. | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFFS' MOTION FOR LEAVE TO EXECUTE SERVICE OF PROCESS BY PUBLICATION PURSUANT TO FED. R. CIV. P. 4(f)(3)

Come now the Plaintiffs, by undersigned counsel, and pursuant to Fed.R.Civ.P. 4(f)(3), move this Honorable Court to grant leave to serve Defendant Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization ( a/k/a "CFO", a/k/a La Línea) located in Mexico by publication. Plaintiffs propose publishing notice of the lawsuit in one national newspaper of general circulation in Mexico and to publish the notice through Global Legal Notices LLC – an international online service of process provider.

### FACTS

Plaintiffs are the family members of three American women and six children brutally murdered in or near La Mora, Mexico on November 4, 2019. On July 23, 2020, Plaintiffs filed this action against Defendant Juárez Cartel, an entity designated as a significant foreign narcotics

trafficker under the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act").[1] In order to assist with service of process of the Complaint, Plaintiffs' counsel retained Nelson Tucker, a process server with over forty years of experience in international service of process. *See*, Declaration of Nelson Tucker, attached hereto as Exhibit 1.

The Juárez Cartel has no known address and operates as a clandestine criminal organization in and around Chihuahua, Mexico. *Id.* at paras. 3-5. The Juárez Cartel is extremely dangerous. It has engaged in thousands of brutal attacks including bombings of police and military targets, kidnappings and assassinations of political figures, journalists, criminal justice activists, religious figures, doctors and innocent civilians.[2] Service by traditional means, even if an address were known, would pose undue risk to any person attempting to serve the Complaint. Tucker Decl. at para 6. The filing of this action generated publicity in Mexican newspapers and various online sources.[3] It is likely that the Defendant has received actual notice of the lawsuit. Nevertheless, Plaintiffs assert that these facts provide sufficient basis to serve Defendant by publication, pursuant to Fed. R. Civ. P. 4(f)(3).

---

[1] U.S. Dep't of the Treasury, Recent OFAC Actions, June 1, 2004, available at: https://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Pages/20040601.aspx

[2] Hearing on U.S.-Mexico Border Violence Commission on Foreign Relations, U.S. Senate, 111 Congress, First Session (March 30, 2009); CSR, *Mexico: Organized Crime and Drug Trafficking Organizations,* Congressional Research Service (Updated July 28, 2020); DEA, *National Drug Threat Assessment* 2019, Drug Enforcement Administration (Dec. 2019); Americas in Focus, *Former state AG blames Mexican cops for brother's kidnapping; MEXICO-KIDNAPPING,* EFE Newswire (Oct. 26, 2010); The Periodic Editor, *They killed two policemen who helped a sick man in Bocoyna,* CE Noticias Financieras (Oct. 18, 2019); Mayra Cuevas-Nazario, *Covering Mexico's cartel wars puts journalists in line of fire,* CNN (Nov. 19, 2008), at https://www.cnn.com/2009/CRIME/11/19/juarez.cartels.journalists/index.html; Office of Public Affairs, *Juarez Drug Cartel leader Pleads Guilty to Charges Related to U.S. Consulate Murders and Is Sentenced to Life in Prison,* Dept. of Justice (April 5, 2012), at https://www.justice.gov/opa/pr/juarez-drug-cartel-leader-pleads-guilty-charges-related-us-consulate-murders-and-sentenced; *see also,* Tucker Dec. at para 7.

[3] *See e.g.* Kendal Blust, *Family of Women And Children Slain in Sonora, Mexico, Sue Juárez Cartel,* Fornteras (July 30, 2020), at https://fronterasdesk.org/content/1605552/family-women-and-children-slain-sonora-mexico-sue-juarez-cartel; Rafael Carranza, *Lawsuit against Juárez Cartel sheds new detail on deadly ambush south of Arizona border,* Arizona Republic (July 31, 2020), at https://www.azcentral.com/story/news/politics/border-issues/2020/07/31/lawsuit-filed-against-juarez-cartel-ambush-near-arizona-border/5548091002/; Juan Carlos Paz, *Part of the LeBaron family sues the Juárez Cartel for the massacre of their loved ones,* CNN Español (July 31, 2020), at https://cnnespanol.cnn.com/2020/07/31/parte-de-la-familia-lebaron-demanda-al-cartel-de-juarez-por-masacre-a-sus-seres-queridos/

I.  **Argument**

Federal law provides that a corporation, partnership or association that is subject to suit under a common name may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4 (f)." *See*, Fed. R Civ. P. 4(h). Fed. R Civ. P. 4 (f) provides that service in a foreign country may be made under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Cases, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"). However, The Hague Convention does not apply to defendants like the Juárez Cartel who do not have a known address. *See*, Hague Convention, Art. 1. Similarly, all other applicable international agreements recognized in Rule 4(f) such as the Inter-American Convention on Letters of Rogatory requires the address of the person to be served. *See Inter-American Convention* at Form B. Absent a known address, no other means for service of process abroad is available under Rule 4(f) other than a method which is reasonably calculated to give notice "by other means not prohibited by international agreement" if approved by court order. *See*, Fed. R Civ. P. 4(f)(3).

No international agreements or treaties between the United States and Mexico prevent service by publication in this case. Thus, the Court has the authority, should the Court deem it appropriate, to order service of process through publication pursuant to Fed. R. Civ. P. 4(f)(3).

The Ninth Circuit in *Rio Properties v. Intl. Interlink*, 284 F.3d 1007 (9th Cir. 2002), conducted an extensive analysis of Rule 4(f)(3). The *Rio* court concluded that Rule 4(f)(3) stands on equal footing with the other sections of Rule 4(f), i.e., there is no order of preferential service between the provisions of Rule 4(f)(1), (2), and (3).[4] In *Rio*, the court approved plaintiff's service

---

[4] "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). See *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23-24. (D. Me. 2001)" *Id.*

of process through Internet e-mail. In analyzing and reviewing the case law concerning Rule 4(f)(3), the court stated:

> Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email. *See SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the Int'l Herald Tribune); *Smith v. Islamic Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 U.S. Dist. LEXIS 21712, at *5-13 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979)(approving service by mail to last known address); *Forum Fin. Group*, 199 F.R.D. at 23-24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr.N.D.Ga. 2000) (authorizing service via email).

*Id.* at 1016.

District courts in other circuits have followed the Ninth Circuit's interpretation of Rule 4(f) in *Rio*. In *B.P. Products North America, Inc. v. Dagra*, the court held that service by publication in two Pakistani newspapers was reasonably calculated to provide a guarantor with sufficient notice of a creditor's action, and thus such alternative service satisfied due process and was an acceptable alternative means. 236 F.R.D. 270, 273 (E.D. Va. 2006).

Thus, analysis of F.R.C.P. 4(f) and the case law interpreting the Rule demonstrates that this Court is well within its discretion to authorize alternative service of process that is tailored to the specific needs and difficulties present in this case. In this regard, Plaintiffs seek to serve the Defendant by publication. The Advisory Committee notes to Rule 4(f)(3) show that the Court, in its discretion, should authorize a method for service of process that is reasonably calculated to

apprise the interested parties of the pending action and to afford them an opportunity to present their objections.[5] *See, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In *S.E.C. v. Tome,* 833 F.2d 1086, 1093 (2nd Cir. 1987), *cert. denied* 486 U.S. 1014 (1988), an insider trading suit, service by publication was affirmed where the foreign defendants were difficult to serve personally. The Court found that the plaintiff "reasonably concluded that the [defendants] resided or conducted business in Europe and chose a publication likely to be read by international investors," and that the facts of that case were "distinguishable from cases where notice was published in a small regional paper or the advertisement contained nothing which would draw a party's attention to it." *Id.* at 1093. For this reason, and because the defendants were likely to have been aware of the SEC's investigation into their actions, the *Tome* Court concluded that "[n]otice by publication, in the circumstances surrounding this action, was reasonably calculated to apprise the interested parties of the lawsuit." *Id.* The Court also noted that, "As business dealings have become increasingly interstate and international, the means of giving notice have been extended to meet these situations, so that parties may be held accountable in our courts of justice." *Id.*

Service by publication has been approved in suits brought against other dangerous individuals and organizations whose address is unknown such as Osama Bin Laden and Al Qaeda. *Mwani, et al. v. Osama Bin Laden, et al.*, Case No 04-CV-5266, Order, Doc. 23 (Aug. 2, 1999). The court in *Mwani* determined their "address is not known, nor is it easily ascertainable," and concluded that publication was "reasonably calculated to apprise [bin Laden and Al Qaeda] of the lawsuit and afford them with an opportunity to present their objections. *Id.* at 8. The D.C. Circuit held that service by publication under those circumstances was valid. *Id.* Service by publication

---

[5] "An earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law" Advisory Committee Notes, 1993 Amendments.

has also been permitted against Osama Bin Laden in other terrorism-related lawsuits. *See, e.g., Burnett v. Al Baraka Inv. and Dev. Corp.*, Case No. 02-CV-1616-JR (Minute Entry of Mar. 25, 2003, granting plaintiffs leave to provide service by publication) and *Havlish, et al. v. Sheik Bib-Muhammad Bin-Laden, et al.*, Case No. 02-cv-00305, Minute Entry (entered May 9, 2002).

Service by publication is also warranted when service poses a serious danger of reprisals. In *Smith v. The Islamic Emirate of Afghanistan et al.*, court-directed service of process by publication was determined to be a favored method of service upon terrorists and terrorist organizations where the addresses or precise locations are unknown. 2001 WL 1658211 (S.D.N.Y. 2001) (service by publication authorized on Bin Laden and members of Al Qaeda), *see also*, *Burnett v. Al Baraka Inv. and Dev. Corp.*, 718 F. Supp.2d 456, 490 (S.D.N.Y. 2010) (affirming prior order permitting service by publication after process server was likely murdered attempting service of process). The Defendant in this action is a dangerous drug cartel known for carrying out thousands of violent attacks and murders of innocent civilians and government officials. Service of this civil complaint on Defendant Juárez Cartel would place the service agent in extraordinary and unnecessary danger.

Defendant Juárez Cartel operates in and around Chihuahua, Mexico. Based on the affidavit of experienced international process server, Nelson Tucker, Plaintiffs propose publishing notice of the instant action in Spanish, in a national newspaper of general circulation, in Mexico for six weeks. The notice, a copy of which is attached hereto as Exhibit 2, will apprise Defendant of the action and direct the reader to a website where the Complaint may be reviewed and downloaded in both Spanish and English. The potential newspapers proposed for service of process include Milenio or El Universal. Milenio is one of the largest newspapers in Mexico City, with various regional papers across Mexico. In addition, it has radio and television outlets. El Universal is a

nationwide newspaper, and it has the second largest circulation in Mexico City. These newspapers are available in and around Chihuahua, Mexico. Additionally, Nelson Tucker proposes publishing notice through Global Legal Notices' online process service.[6] Publishing online through Global Legal Notices will provide continuous access to the notice worldwide through the ordered time-period. *See*, Tucker Decl. at para 10. The online service also has worldwide reach and may be accessed through traditional internet search engines from a smartphone or computer. *Id.*

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully submit that service by publication is reasonably likely to give notice to Defendant, Juárez Cartel. Plaintiffs request that this Court permit service by publication on the Defendants in Spanish through a notice similar to the one in Exhibit 2. The notice would be published once a week for six successive weeks, in one national Mexican newspaper such as Milenio or El Universal and the notice will also be published online through Global Legal Notices, LLC for the same six-week period. In the alternative, Plaintiffs' respectfully request that the Court approve an alternative form of service reasonably calculated to give notice to the Defendant. After Plaintiffs complete service of the Complaint as permitted by this Court, Plaintiffs will notify the Court of their efforts to serve the Complaint.

Respectfully Submitted,

---

[6] Tucker Decl. at para 10. Additional details on Global Legal Notices LLC may be found on its website www.globallegalnotices.com.

Dated: August 20, 2020		By:	MOTLEY RICE LLC
					_____
					Michael Elsner, Esq.
					John M. Eubanks, Esq.
					Courtney Wolf, Esq.
					28 Bridgeside Boulevard
					P.O. Box 1792
					Mount Pleasant, South Carolina 29465
					Telephone: (843) 216-9000

					**MITCHELL & MITCHELL LLC**
					Samuel F. Mitchell, Esq.
					Steven C. Mitchell, Esq.
					7161 E. Rancho Vista Dr.
					Scottsdale, AZ 85251

					**O'KEEFE O'BRIEN LYSON FOSS ATTORNEYS**
					Tatum O'Brien, Esq.
					720 Main Avenue
					Fargo, ND 58103
					Telephone: 701-235-8000