IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Howard J. Miller, et al. | ) Civil Action No. 1:20-cv-00132 |
| Plaintiffs, | ) |
| v. | ) |
| Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea. | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION**

Plaintiffs move to consolidate before Your Honor, *Langford, et al. v. Juárez Cartel, et al.*, Civ. Action No. 1:20-cv-00159 with the above-captioned action pursuant to Fed. R. Civ. P. 42(a) and local rule 7.1. Plaintiffs in the *Langford* action consent to this motion to consolidate.

**FACTS**

On July 23, 2020, Plaintiffs Howard Miller, Tyler Johnson and other family members filed an action (hereinafter "Miller Action," and/or the "First Action") under the Anti-Terrorsim Act (ATA), 18 USC §§ 2333 *et seq.* and various state law causes of action against the Juárez Cartel for the brutal November 4, 2019 murders of Maria Rhonita LeBaron, Christina Langford and Dawna Ray Langford. This Complaint includes forty-one (41) plaintiffs. Among the Plaintiffs are the mother and siblings of Dawna Ray Langford. The case is Civ. Action No. 1:20-cv-00132 and is

assigned to Your Honor.  The *Miller* complaint has not been served.  A motion seeking service by alternative means was filed on August 20, 2020, Docket Entry #11; the motion was granted on September 18, 2020, Docket Entry #14. .

On August 25, 2020, Plaintiff David Langford and his children filed an action (hereinafter "Langford Action" and/or "Second Action") against the Juárez Cartel, La Línea, and various John Does I through LX for November 4, 2019 murder of David's wife Dawna Ray Langford and their children.  The Langford Complaint alleges violations of the ATA and the same state law causes of action asserted in the *Miller* Action.  The action was filed as a related case to the *Miller* Action.  The *Langford* Action is Civ. Action Case No. 1:20-cv-00159 and was assigned to Judge Daniel L. Hovland.  *See*, Exhibit 1, *Langford* Complaint.  The *Langford complaint* has not yet been served.  The *Langford* Plaintiffs consent to consolidate their claims with the *Miller* Action before Your Honor.  *See*, Exhibit 2, Consent of Langford Plaintiffs to Consolidate.

Both actions arise from the same November 4, 2019 attack.  The actions are brought against the same defendant and allege the exact same causes of action based on the same set of operative facts.

**ARGUMENT**

"If actions before the court involve common questions of law or fact, the court may…consolidate the actions[.]" Fed. R. Civ. P. 42(a).  Where separate actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation does not cause unfair prejudice, consolidation of the actions is proper. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755 (8th Cir. 2009).  When there is a common question of law or fact, consolidation is permitted as a matter of convenience and economy of administration. *Enter. Bank v. Saettele*, 21 F.3d 233 (8th Cir. 1994).  As discussed above, the First Action and the Second

Action involve common questions of law or fact: 1) the plaintiffs in both actions are suing the same defendant—Juárez Cartel; 2) the causes of action in each complaint are identical; 3) the facts arise out of the same November 4, 2019 attack. There are also interlocking relatives as the mother and siblings of David Langford's wife, Dawna Ray Langford, are plaintiffs in the *Miller* Action.

The Court has broad discretion to consolidate cases. *Enter. Bank*, 21 F.3d at 235; *Leimer v. Woods*, 196 F.2d 828, 835-36 (8th Cir. 1952). Here, consolidation would save both time and effort of all parties, including the Defendant and the Court. The discovery for both cases involves the same people and facts, and neither complaint has been served on the Defendant. Consolidation would avoid duplicative hearings and discovery as each action would present similar, if not the same, issues. Consolidation would not result in any undue prejudice or inconvenience to any party or the Court. The Complaints have not been served and the Defendant has not entered an appearance.

Indeed, because the *Miller* and *Langford* Actions are so intertwined, consolidation will prevent litigating the same issues before two different judges in the same District, thereby reducing the burden on the parties and eliminating the potential for inconsistencies and confusion. Recognizing the benefits of consolidation, the *Miller* and *Langford* plaintiffs consent to consolidating these two Actions before Your Honor. The consolidation of these actions will save effort and time for the Court without causing inconvenience, delay or expense to any party.

Wherefore, Howard Miller and related plaintiffs, and David Langford and related plaintiffs respectfully request that this Court enter an order consolidating Case No. 1:20-cv-00159 ("*Langford* Action") into Case No. 1:20-cv-00132 ("*Miller* Action") before Your Honor.

Dated 21st  day of September 2020.

Respectfully Submitted,

*/s/ Michael Elsner, Esq.*
**MOTLEY RICE LLC**
Michael Elsner, Esq.
John Eubanks, Esq.
Courtney Wolf, Esq.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone: (843) 216-9000

**MITCHELL & MITCHELL LLC**
Samuel F. Mitchell, Esq.
Steven C. Mitchell, Esq.
7161 E. Rancho Vista Dr.
Scottsdale, AZ  85251

**O'KEEFE O'BRIEN LYSON FOSS ATTORNEYS**
Tatum O'Brien, Esq.
720 Main Avenue
Fargo, ND  58103
Telephone: 701-235-8000

## CERTIFICATE OF SERVICE

I hereby certify that on Sep. 21, 2020, a true and correct copy of the following document:

1. Memorandum in Support of Motion for Consolidation

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to all counsel of record.

*/s/ Megan E. Neuber*