UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| David Langford, Estate of Dawna Ray Langford, Estate of T.L., Estate of R.L., K.L., X.L. C.L., B.L., D.L., M.L., J.L. (minor children of David and Dawna Ray Langford), Brandy Karen Spenst, Bryce David Langford, Cole Langford, Crystal Alexis Langford,<br><br>Plaintiffs,<br><br>vs.<br><br>Juárez Cartel, La Línea, John Does I through LX,<br><br>Defendants. | Court File No. 20-cv-00132-DMT-CRH (lead case)<br><br>Court File No. 20-cv-00159-DMT-CRH (consolidated case)<br><br>**MOTION FOR LEAVE TO EXECUTE SERVICE BY PUBLICATION** |

Plaintiffs David Langford, his minor and adult children, and the Estates of the Langford Decedents, through undersigned counsel, hereby submit their Motion for Leave to Execute Service on Defendants by Publication, pursuant to Fed. R. Civ. P. 4(f)(3).

Plaintiffs are members of the Langford family, American citizens who suffered unimaginable tragedy at the hands of cartel gunmen in Mexico on November 4, 2019. Defendants are responsible for the brutal ambush that killed nine American women and children traveling in vehicles along a rural road near their homes in Mexico. Among the victims were Dawna Ray Langford, wife of David and mother to thirteen children, as well as two-year-old R.L. and eleven-year-old T.L., sons of David and Dawna Ray Langford. Plaintiffs filed suit in Case No. 20-CV-00159-DLH-CRH to recover civil damages related to the attack under the Anti-Terrorism Act, 18 U.S.C. § 2333 *et seq*.

Also among the victims were parties now represented in a related suit, *Miller et al v. Juarez Cartel* (the "Miller Action"). The Court recently granted parties' motion to consolidate the Miller Action and the instant Action, under the above-captioned lead case.

Defendants are an international criminal syndicate and its members. Due to the inherent danger and difficulty of attempting personal service on an organization with a reputation for murder and other terrorist actions, Plaintiffs seek to serve Defendants through other court-sanctioned means under Rule 4(f)(3)—namely, publication.

The Court previously granted leave for the Miller Plaintiffs to serve Defendants by publication. Upon examining Federal Rule of Civil Procedure 4(f), the court found "there is good cause to authorize service by publication given the particular circumstances in this case." (ECF No. 14.) The Court went on to explain its ruling:

> The court further finds that defendant's service plan is reasonably calculated to apprise defendant of the existence of this action and afford them an opportunity to present its objections. The notice as proposed by plaintiffs is clear and concise in its description and instruction. The newspapers identified by plaintiffs in their motion as potential publishers of this notice have wide circulation throughout Mexico in addition to an online presence. Finally, the notice provides a means for readers to access the pleadings in their entirety by directing them to a website on which the pleadings will be posted.

*Id.* at 3–4.

Upon conferring with counsel for the Miller Plaintiffs, undersigned counsel has relied upon the same expert declaration concerning service, and therefore plans to serve Defendants by the methods outlined in the Motion and Declaration at ECF No. 11. Specifically, Plaintiffs plan to publish a Notice[1] for six weeks in one of the Mexican newspapers in general circulation previously approved by Judge Hochhalter. Plaintiffs will also utilize Global Legal Notices LLC. Finally, Plaintiffs' Notice will direct Defendants to a website, accessible from any browser, where they may obtain copies of the pleadings.[2]

---

[1] Plaintiffs' proposed Notice and its certified Spanish translation are attached as Exhibit 1.
[2] Plaintiffs attach as Exhibit 2 a certified Spanish translation of their Complaint, which will be available on www.lamoralitigation.com.

In light of the foregoing, Plaintiffs respectfully request that the Court grant their Motion and order service of the Complaint and all other filings in this case by publication.

Respectfully submitted this 26th day of October, 2020.

>ROBINS KAPLAN LLP
>
>By: */s/ Timothy Q. Purdon*
>Timothy Q. Purdon, ND #05392
>1207 West Divide Avenue, Suite 200
>Bismarck, ND 58501
>701-255-3000
>TPurdon@RobinsKaplan.com
>
>BALLARD SPAHR LLP
>
>Henry E. Hockeimer, Jr.
>(admitted *pro hac vice*)
>1735 Market Street, 51st Floor
>Philadelphia, Pennsylvania 19103
>215-665-8500
>HockeimerH@BallardSpahr.com
>
>Jacey Skinner
>(*pro hac vice* application pending)
>BALLARD SPAHR LLP
>201 South Main Street #800
>Salt Lake City, Utah 84111
>801-531-3000
>SkinnerJ@BallardSpahr.com
>
>Mark S. Kokanovich
>Jillian L. Andrews
>(admitted *pro hac vice*)
>1 East Washington Street, Suite 2300
>Phoenix, Arizona 85004
>602.798.5400
>KokanovichM@BallardSpahr.com
>AndrewsJ@BallardSpahr.com
>
>*Attorneys for Langford Plaintiffs*

3