# Exhibit 8

**PROOF OF SERVICE BY PUBLICATION**

I declare, under penalty of perjury of the laws of the United States of America, that the following is true and correct to the best of my knowledge and that I could competently testify, if called, to the following:

1. I am the CEO of Global Legal Notices, LLC, an online publication legal news source (www.GlobalLegalNotices.com) I reside in Los Angeles County, California, and am not a party to the within action. I have authored four (4) books on service of process and investigative techniques. I am an Associate Member of the American Bar Association (ABA) and the Los Angeles County Bar Association. I supervise all service by publication assignments and I am fully familiar with the laws of Mexico which are related to service of process by publication. I am qualified as an expert witness in the area of international service of process.
2. I hereby certify that service by publication was completed, as described herein:
3. On October 30, 2020, Global Legal Notices, LLC began publication of the following documents: Order Authorizing Service by Publication, Notice (Spanish).
4. The documents which were published were related to the case *Langford v. Juarez Cartel, et al.,* Civil Action Number 1:20-cv-00132-DMT-CRH filed in the United States District Court, District of North Dakota.

1

5. Publication for Mexico, and surrounding regions, commenced on October 30, 2020, and has run continuously for the minimum period of six (6) consecutive weeks until December 11, 2020. The publication remains active as of this date at www.GlobalLegalNotices.com and will continue to be published until such time as it is deemed necessary to remove from publication, by the Court.

6. The documents which were published conmsisted of 5 pages and proof of publication is attached herein as Exhibit "A".

Executed on this 11th day of December 2020, at Franklin, Tennessee, attesting the foregoing to be true and correct, under penalty of perjury of the United States of America.

_____
Nelson Tucker, CEO
Global Legal Notices, LLC

# Juarez Cartel, a/k/a La Linea Mexico

*Nelson Tucker*



Juarez Cartel Mexico Langford Plaintiff

Juarez Cartel Mexico Langford Plaintiff

October 30, 2020



PLEASE TAKE NOTICE, the Notice to **Juarez Cartel,** a/k/a **La Linea** shall be published once a week for six (6) consecutive weeks. Defendant, **Juarez Cartel,** a/k/a **La Linea** , is hereby notified that a civil legal case is pending against it as stated in the Complaint attached herein.

**Case name: David Langford, et al v. Juarez Cartel,** a/k/a **La Linea**

**Case Number:** 1:20-cv-00132-DMT-CRH

**Court:** United States District Court, District of North Dakota

**Documents**: Order Authorizing Service by Publication, Notice of Lawsuit (Spanish)

**Country:** Mexico

**Date of Commencement of Publication**: October 30, 2020

**Date of Completion of Publication:** December 11, 2020

Exhibit "A"

Be it known to all that the Notice and Order Authorizing Service by Publication to **Juarez Cartel,** a/k/a **La Linea** , shall be published in the above-captioned case in an appropriate publication of general circulation in Mexico for a period of once a week for six (6) consecutive weeks.

Dated: September 18, 2020

Honorable Clare R. Hochhalter, Magistrate Judge

United States District Court



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Langford, Estate of Dawna Ray Langford, Estate of T.L., Estate of R.L., K.L., X.L. C.L., B.L., D.L., M.L., J.L. (minor children of David and Dawna Ray Langford), Brandy Karen Spenst, Bryce David Langford, Cole Langford, Crystal Alexis Langford,<br><br>        Plaintiffs,<br>vs.<br><br>Juárez Cartel, La Linea, John Does I through LX,<br><br>        Defendants. | **ORDER AUTHORIZING SERVICE BY PUBLICATION**<br><br>Case No. 1:20-cv-132 (lead case)<br><br>Case No. 1:20-cv-159 (consolidated case) |

      Plaintiffs initiated the above captioned action by Complaint on August 25, 2020. On motion by plaintiffs, the court on October 16, 2020, consolidated the above-captioned action with David Langford et al. v. Juarez Cartel, et al., Case Number 1:20-cv-00159 (D.N.D.).

      Plaintiffs in the above-captioned action now seek leave to service defendants by publication pursuant to Fed. R. Civ. P. 4(f)(3). They propose to using a method previously approved by this court and publish notice of this lawsuit in Spanish in one national newspaper of general circulation in Mexico once a week for six weeks. Additionally, they propose publishing this same notice online for six weeks on Global Legal Notices LLC, an international online service of process provider. They aver service by publication is necessary and appropriate given that: (1) defendants are believed to be an international criminal syndicate and its members; (2) personal service on defendants is inherently dangerous and difficult.

      Rule 4 of the Federal Rule of Civil Procedure authorizes a district court to order an alternate

1

method for service to be effected upon foreign defendants provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. See Fed. R. Civ. P. 4(f)(3); see also Rio Properties v. Intl. Interlink, 284. F.3d 1008, 1016; BP PRoducts North America, Inc., v. Dagra, 236 F.R.D. 270, 271 (E.D. Va. 2006) (noting that the court is afforded wide discretion in ordering service of process under Rule 4(f)(3)). Specifically, Fed. R. Civ. P. 4(h)(2) provides that a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f)" Rule 4(f) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

2

Fed. R. Civ. P. 4(f).

The court finds there is good cause to authorize service by publication given the particular circumstances in this case. First, it appears that neither international law nor treaty prevent service by publication. Second, defendant's precise location is neither known nor easily ascertainable, making services by traditional means virtually impossible. See *BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("Service by publication for a defendant in a foreign country when his exact whereabouts are unknown has also been recognized."). Third, it is unclear who would or could accept service for defendants if their locations could be ascertained. Fourth, defendants are renown for their ruthlessness and violence. Service upon them poses a serious danger of reprisal. Notably, other courts have authorized service through alternative means on foreign individuals and entities of a similar ilk as defendants. See id. at pp. 5-6 (citing cases where district courts approved service by publication against dangerous individuals and entities such as Osama Bin Laden and Al Qaeda); Mwani v. bin Laden, 417 F.3d 1 (D.C. Cir. 2005) (recognizing as valid service of process on a terrorist and terrorist organization); Smith v. Islamic Emirate of Afghanistan, No. 01 CIV 10132 (HB), 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication by alternative means, including service by publication on terrorists and terrorist organizations).

The court further finds that plaintiff's service plan is reasonably calculated to apprise defendant of the existence of this action and afford them an opportunity to present its objections. The notice as proposed by plaintiffs is clear and concise in its description and instruction. The newspapers identified by plaintiffs in their motion as potential publishers of this notice have wide circulation throughout Mexico in addition to an online presence. Finally, the notice provides a means for readers to access the pleadings in their entirety by directing them to a website on which the

3

pleadings will be posted.

Accordingly, the court **GRANTS** plaintiffs' motion (Case No. 1:20-cv-132, Doc. No. 18). Plaintiffs are authorized to effectuate service by publication. To accomplish this, plaintiffs shall (1) publish a Spanish-language notice of this lawsuit in one national newspaper of general circulation in Mexico once a week for six consecutive weeks; and (2) publish the same notice online for six consecutive weeks on Global Legal Notices LLC. The notice shall contain the case number and caption, a reference to this order, instructions on when and where to serve and file a responsive, a recitation of plaintiffs' claims, and a link to the website on which the Summons and Complaint can be accessed and reviewed in their entirety.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2020.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

4

A los Demandados mencionados:

CARTEL DE JUÁREZ, LA LÍNEA, Y JOHN DOES I-LX

EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA POR EL DISTRITO DE DAKOTA DEL NORTE, en la causa *Langford et al v. Cartel de Juárez et al*, Caso Nro. 20-CV-00132-DMT-CRH, un juez federal de primera instancia de los Estados Unidos dictó una orden de notificación para su publicación en el 28 de octubre, de 2020. Se ordenó que la notificación del juicio antes mencionado debería publicarse en español en un periódico nacional de México una vez por semana durante seis semanas y también debería publicarse por Internet durante seis semanas a través de Global Legal Notices LLC.

Por la presente se le corre traslado al Demandado mencionado más arriba, y se los cita y se les requiere notificar al Secretario del Juzgado, del Tribunal Federal de Primera Instancia por el Distrito de Dakota del Norte, sito en 655 1st Avenue North, #130 Fargo, North Dakota 58102, una Contestación de la Demanda dentro de los veintiún (21) días posteriores a la notificación de esta citación, sin contar el día del traslado de la notificación. Si el Demandando omitiere hacerlo, se podrá dictar una sentencia en rebeldía en contra del Demandado por el resarcimiento pretendido en la Demanda. Se inició y presentó la Demanda por las violaciones al artículo 2333 del Título 18 del Código de los Estados Unidos (18 U.S.C. § 2333) en cuanto constituyen actos de terrorismo internacional; agresiones y lesiones; homicidio simple; acciones subsistentes post-mortem; imposición culposa y/o dolosa de angustia emocional; y pérdida del consorcio familiar y conyugal. La notificación, así como también la Demanda y las respectivas citaciones se publican en el sitio www.lamoralitigation.com.