**UNITED STATES DISTRICT COURT NORTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| Howard J. Miller, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea.<br><br>Defendant. | ) Civil Action No. 1:20-cv-00132-DMT-CRH |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF *MILLER* PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES AND COSTS UNDER 18 U.S.C. § 2333(a)**

Plaintiffs in *Miller, et al. v. Juárez Cartel*, Case No. 1:20-cv-00132-DMT-CRH (the "*Miller* case"), submit this supplemental memorandum in support of their application for attorney's fees and costs under 18 U.S.C. § 2333(a) to address concerns raised by the Court in the status conference convened on July 14, 2022, regarding recoverable expenses and costs under 18 U.S.C. § 2333(a), the civil damages provision of the Antiterrorism Act ("ATA"), which provides:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains *and the cost of the suit, including attorney's fees*.

18 U.S.C. § 2333(a) (emphasis added). Specifically, the Court sought clarification of whether "the cost of suit" in the statute was limited to the categories of costs set forth in 28 U.S.C. § 1920, or whether the "cost of suit" is more expansive than 28 U.S.C. § 1920.

## ARGUMENT

### I. When Interpreting Statutes, the Eighth Circuit Looks to How "Similar" Statutes Have Been Interpreted.

The caselaw under the Anti-Terrorism Act regarding the awarding of "the cost of the suit, including attorney's fees" is limited at best. Nevertheless, when the Eighth Circuit is asked to apply statutes that are "similar", the court's "analysis does not differ significantly from that applied to actions" under the similar statute. *See Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986); *see also Thomas v. US Bank Nat'l Ass'n in ND*, 575 F.3d 794, 799 (8th Cir. 2009) (applying rationale from cases interpreting an "identical" federal statute). The language of ATA's civil-damages provision, as a fee-shifting statute, is nearly identical to the language used in 18 U.S.C. § 1964(c) (civil remedies under RICO providing that a prevailing plaintiff "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee") and 15 U.S.C. § 15(a) (antitrust remedies under the Clayton Act providing that a prevailing plaintiff "shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee"). Looking to precedent within the Eighth Circuit and other district courts within this Circuit interpreting this precedent, it is clear that "the cost of suit" is not limited to the taxation of costs as set forth in 28 U.S.C. § 1920 but also encompasses out-of-pocket expenses that would normally be charged to clients in litigation including such expenses as travel, lodging, expert fees, electronic legal research, and other investigative expenses.

The Eighth Circuit has adopted a "liberal interpretation of the Clayton act which allows an award of actual expenses incurred on appeal, whether considered part of the 'cost of suit' or part of a 'reasonable attorney's fee.'" *Alexander v. National Farmers Organization,* 696 F.2d 1210, 1212 (8th Cir. 1982). The rationale and objective of the Eighth Circuit—"encouraging private enforcement of the antitrust statutes"—by awarding reasonable attorneys' fees and actual costs on

appeal in a Clayton Act case (which is all they were asked to award – "the National Farmers Organization moved this Court for an award of expenses on appeal"), applies to, and must be achieved in, this case. *Id.* at 1211-1212. By awarding actual expenses incurred, courts "enhance deterrence through more pervasive enforcement of the antitrust laws [because] … [n]ot only will the violator have to reimburse treble the actual damages, he will also have to bear all of the plaintiff's costs incurred in proving and assessing the liability. … To provide the fullest effect to the incentive, all provable, reasonable expenses should be awarded in addition to the treble damage incentive recovery." Michigan Law Review, *Redefining the "Cost of Suit" Under Section Four of the Clayton Act*, 82 Mich. L. Rev. 1905 (1984).

Furthermore, "[o]ne of the purposes of § 2333(a) was the deterrence of terrorist attacks. The deterrent effect of the legislation will be maximized if it is interpreted to subject terrorists to the *broadest* possible range of damages.'" *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 267 (D.R.I. 2004) (emphasis added).

The *Miller* Plaintiffs' request—which is consistent with the goals and objectives of *both* the Eighth Circuit and Congress—for their actual expenses should be awarded.

## II. Precedent in Interpreting Other Fee-Shifting Statutes Provides Insight Into How to Address the Award of "the Cost of Suit" in the context of the ATA

The civil remedies provision of the RICO statute, 18 U.S.C. § 1964, provides the following language that tracks directly with the language contained in the ATA:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of suit, including a reasonable attorney's fee….

18 U.S.C. § 1964(c). The same is true under the Clayton Act in the antitrust arena which provides:

> [A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendants resides or is found or has an agent,

> without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15(a). In RICO, the Clayton Act, and the ATA, a prevailing party is entitled to: (1) "threefold the damages"; (2) "the cost of suit"; and (3) "the cost of suit" should include attorney's fees. Put more simplistically, these statutes are mandatory fee-shifting statutes.

Perhaps the most salient statement regarding differentiation between "the cost of suit" under the ATA and taxable costs recoverable under 28 U.S.C. § 1920 is as follows:

> We note that 15 U.S.C. § 15 [the Clayton Act] does not award merely court costs to a successful antitrust plaintiff, but "the cost of suit." This is a more comprehensive term, evidently embracing "the expense of prosecuting the suit to a successful conclusion." The court costs in the technical sense are of course included in "the cost of suit," but other necessary and reasonable expenses are also included (except the attorney's fee, which is specified separately as an additional item to be paid to plaintiff).

*Pitchford Scientific Instruments Corp. v. Pepi, Inc.*, 440 F. Supp. 1175, 1178-79 (W.D. Pa. 1977). The reasoning in this context is simple—taxable costs under Section 1920 are potentially taxable in *any* case for the victor whereas Congress specified "the cost of suit" to differentiate between taxable costs in litigation generally and the costs to be awarded to a prevailing plaintiff in the ATA context (or under RICO or antitrust law).

Notwithstanding the rationale adopted in the *Pitchford* case, the Eighth Circuit has held that "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys … should [be] included as part of the reasonable attorney's fees awarded." *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996), *citing West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991); *see also Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 528 (8th Cir. 2020); *Ludlow v. BNSF Ry. Co.*, 788 F.3d 794, 804 (8th Cir. 2015); *Sturgill v. UPS*, 512 F.3d 1024, 1036 (8th Cir. 2008) (affirming this concept in the context of fee-shifting statutes). In cases involving fee-shifting statutes, district courts within the Eighth Circuit have awarded certain

litigation expenses as part of an award of reasonable attorney's fees. *See Dindinger v. Allsteel, Inc.*, 2016 U.S. Dist. LEXIS 179502, at *72 (S.D. Iowa Jan. 4, 2016) (awarding attorney and paralegal travel and meal expenses, telephone charges, postage charges, deposition expenses, and legal-research expenses); *LexMac Energy, L.P. v. Macquarie Bank Ltd.*, 2014 U.S. Dist. LEXIS 188437, at *26-*27 (D.N.D. Feb. 19, 2014) (citing reasonable out-of-pocket expenses such as travel expenses and "litigation costs"); *Rayburn v. Wady Indus.*, 2008 U.S. Dist. LEXIS 83921, at *16 (N.D. Iowa Oct. 17, 2008) (awarding mileage, lodging, photocopying, long-distance phone calls, and postage charges are expenses incorporated within a reasonable attorney's fee); *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 2004 U.S. Dist. LEXIS 10164, at *16-*17 (N.D. Iowa June 2, 2004) (stating "these expenses may include, for example, costs for long distance telephone calls, facsimiles, messenger and express mail …, as well as reasonable travel expenses"); *Wisnewski v. Champion Healthcare Corp.*, 2001 U.S. Dist. LEXIS 481, at *26-*27 (D.N.D. Jan. 16, 2001) (permitting expenses for long distance telephone calls, faxes, postage, mail services, UPS costs, newspaper publications, fees for the secretary of state, certified copies, and photocopying while disallowing expenses for travel between offices of a law firm, rental of additional office space, and expenses of an expert who did not address an issue upon which the plaintiff prevailed); *de Llano v. N.D. State Univ.*, 951 F. Supp. 168, 172 (D.N.D. 1997) (allowing inclusion of expenses for telephone calls, faxes, postage, mileage, lodging, and computerized legal research as part of reasonable attorney's fee); *see also Heng v. Rotech Medical Corp.*, 720 N.W.2d 54, 66 (N.D. 2014) ("North Dakota state courts have also held that, while expenses cannot be recovered as taxable costs, travel expenses and legal research costs are a 'component' of attorneys' fees and are normally reimbursed by a client.").

In one case brought under RICO, the defendant notified the court that he would neither attend the last pretrial conference nor would he participate in trial. *See Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc.*, 2013 U.S. Dist. LEXIS 190424, at *3 (N.D. Iowa Jan. 4, 2013). In addressing plaintiffs' claims for their non-taxable costs as incorporated with their attorney's fee award under RICO, the court addressed each of plaintiffs' requests. Among the non-taxable costs, the court awarded expenses for the work performed by expert witnesses retained by the plaintiffs totaling over $177,000.00. *Id.* at *13-*14; *see also Welsh v. Likins*, 68 F.R.D. 589, 597 (D. Minn. May 22, 1975), *aff'd per curiam*, 525 F.2d 987 (8th Cir. 1975) ("the Court has considerable discretion to award these [full expert fees] when it feels they were particularly necessary under the circumstances of the individual case."). The court also awarded attorney travel expenses to various locations to conduct discovery, interview witnesses, and take depositions in the amount of over $57,000.00. *Cedar Rapids*, 2013 U.S. Dist. LEXIS 190424, at *14.

In addition to the reasonable out-of-pocket expenses that would be incorporated within the attorney's fee award in this case, Plaintiffs' counsel are also entitled to an order addressing the standard taxable costs as set forth in 28 U.S.C. § 1920.

## III. Application to Plaintiffs' Pending Motion for Fees and Costs

As set forth in the accompanying Declarations of Samuel F. Mitchell and John M. Eubanks, the expenses attached as Exhibit F to the Declaration of John M. Eubanks that accompanied the *Miller* Plaintiffs' initial motion was a summary of the expenses incurred by Motley Rice LLC. These expenses included those "taxable costs" enumerated under 28 U.S.C. § 1920—including court filing fees, transcript fees related to the trial which were necessary to draft the Proposed Findings of Fact and Conclusions of Law that were submitted to the Court, costs generated to reproduce the voluminous exhibits submitted to the Court as part of the trial conducted from

February 7, 2022 through February 10, 2022, compensation of the Spanish-language interpreter who provided interpreting services for Enrique Baeza, the Mexican prosecutor who provided testimony via videoconferencing during the trial on February 7, 2022, along with all other costs permitted under 28 U.S.C. § 1920 as "taxable costs[1]—along with reasonable out-of-pocket expenses of the type that are customarily charged by Motley Rice LLC to its clients in litigation. These reasonable out-of-pocket expenses include travel expenses, expert-witness fees, investigator and consultant expenses necessarily related to the litigation, photocopying expenses, computerized legal-research expenses, and so forth. These are precisely the types of expenses that have been set forth in the case law cited above regarding what expenses are acceptable as "reasonable out-of-pocket expenses" that can be assessed as part of attorney's fees in cases under the ATA and other similar fee-shifting statutory schemes.

The same is true regarding Exhibit B to the Declaration of Samuel F. Mitchell that also accompanied the *Miller* Plaintiffs' initial motion. The expenses set forth in Exhibit B constituted expenses that are customarily charged by the law firm of Mitchell & Mitchell LLC to its clients in litigation. The *Miller* Plaintiffs submit that itemized and fulsome records are available should the Court require them to be submitted. Nevertheless, the *Miller* Plaintiffs submit that these expenses are available to be recovered pursuant to 18 U.S.C. § 2333(a) which provides to a prevailing

---

[1] Under 28 U.S.C. § 1920, taxable costs include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

plaintiff "threefold the damages he or she sustains and the cost of the suit, including attorney's fees."

## CONCLUSION

The *Miller* Plaintiffs respectfully request that the Court grant this application for the payment of costs in the amount of $609,256.92. The *Miller* Plaintiffs submit that the costs sought herein are appropriate within the context of this litigation and accord with both the purpose and breadth of 18 U.S.C. § 2333(a) regarding the damages to be awarded. Furthermore, the *Miller* Plaintiffs respectfully submit that the Court grant this application for the payment of costs and expenses incurred in prosecuting this case as they are reasonable in light of the complexity of this case and costs incurred and requested herein.

Dated: July 29, 2022

Respectfully submitted,

**MOTLEY RICE LLC**

/S/ Michael E. Elsner______
Michael E. Elsner, Esq.
John M. Eubanks, Esq.
Courtney Wolf, Esq.
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

Attorneys for *Miller* Plaintiffs

**MITCHELL & MITCHELL LLC**
Samuel F. Mitchell, Esq.
Steven C. Mitchell, Esq.
7161 E. Rancho Vista Dr.
Scottsdale, Arizona 85251

Attorneys for *Miller* Plaintiffs