IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Howard J. Miller, et al., ) | |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING IN PART** |
| ) | **AND DENYING IN PART** |
| vs. ) | **APPLICATION FOR ATTORNEYS'** |
| ) | **FEES AND COSTS** |
| Juárez Cartel, a/k/a Vicente Carrillo ) | |
| Fuentes Organization (a/k/a "CFO"), ) | |
| a/k/a La Línea, ) | Case No. 1:20-cv-132 |
| ) | |
| Defendant. ) | |

Before the court is an "Application for Attorneys Fees and Costs under 18 U.S.C. § 2333(a)" filed on May 13, 2022 by Plaintiffs in Miller, et al. v. Juárez Cartel , Case No. 1:20-cv-132 (the "*Miller* case"). (Doc. No. 59). For the reasons that follow the motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiffs in the *Miller* case and Plaintiffs in Langford et al. v. Juarez Cartel, et al., Case No. 1:20-cv-00159 (the "*Langford* case") respectively filed suit against Defendant on July 23 and September 21, 2020, seeking to recover damages under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333 et seq., for acts of terrorism perpetrated by Defendant on November 4, 2019. The two cases were ordered consolidated by the Court on October 16, 2020.

Defendant was served by publication but failed to appear or otherwise defend this consolidated action. On application by Plaintiffs in both the *Miller* and *Langford* cases, the Clerk's office entered default against Defendant on December 7, 2020. At the request of Plaintiffs, a court trial was held in February 2022. At trial counsel presented evidence establishing Defendant's liability for damages sustained by Plaintiffs as a result of Defendant's acts of terrorism. On June

1

24, 2022, the court issued its findings of fact, conclusions of law, and order for judgment in which it found for Plaintiffs.  Meanwhile, on May 13, 2022, Plaintiffs in the *Miller* case filed a motion seeking an award of their costs and attorneys' fees.

On July 15, 2022, the court issued an order in which it deferred ruling on Plaintiffs' motion for an award of costs and attorneys' fees pending further briefing.  On July 29, 2022, Plaintiffs filed a supplemental memorandum in support of their motion.  Consequently, their motion is now ripe for the court's consideration.

## II. DISCUSSION

The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the <u>cost of the suit</u>, including attorney's fees." 18 U.S.C. § 2333(a) (emphasis added).

### A. Attorneys' Fees

Plaintiffs are requesting attorneys' fees in the amount of $4,616,740.00. They have broken down prevailing market rates, hours billed and lodestar figures for counsel and staff as follows:

| Motley Rice LLC | | | |
|---|---|---|---|
| **Name/Title** | **Hours Billed** | **Hourly Rate** | **Total Hourly Fees** |
| Michael E. Elsner/ Member Attorney | 720.60 | $925.00 | $666,555.00 |
| John M. Eubanks/ Member Attorney | 313.80 | $775.00 | $243,195.00 |
| Courtney Wolf Associate Attorney | 924.30 | $425.00 | $392,827.50 |

| Megan Neubert/Trial Paralegal | 978.40 | $325.00 | $317,980.00 |
|---|---|---|---|
| Amanda Unterreiner/ Trial Paralegal | 149.70 | $325.00 | $48,625.50 |
| Total | | | $1,669,183.00 |

| Mitchell & Mitchell, LLC | | | |
|---|---|---|---|
| Name/Title | Hours Billed | Hourly Rate | Total Hourly Fees |
| Samuel F. Mitchell Partner Attorney | 1,812.00 | $600.00 | $1,087,320.00 |
| Steven C. Mitchell/ Partner Attorney | 679.4 | $1,200.00 | $815,280.00 |
| Antonio Martinez Luna/ Attorney Consultant | 1,237.0 | $825.00 | $1,020,442.50 |
| Total | | | $2,923,042.50 |

(Doc. No. 59).

The court has reviewed the hours claimed for the work performed as reflected in Plaintiffs' motion and the attached supplemental materials and finds them to be reasonable and necessary given the particular circumstances of this case. The court further finds that the rates for counsel, who ably represented Plaintiffs throughout these proceedings, are also reasonable. In so finding, the court notes the complexity of this case, the logistical challenges in prosecuting a case such as this as well as the particular experience and expertise of counsel. The court further notes that, to its knowledge, there is no similar work in this district for comparison purposes but that the rates and hours being claimed here are commensurate with rates approved by courts in other districts and in international courts for similar work. Consequently, the court shall grant Plaintiff's request for attorneys' fees.

The court shall next turn to the issue of costs.

### B.    Costs

Fed. R. Civ. P. 54(d)(1) provides for an award of costs to the prevailing party. There is a presumption in favor of the award of costs. Sun Ship v. Lehman, 655 F.2d 1311 (D.C. Cir. 1981). District courts nevertheless retain substantial discretion in making such an award. See e.g., McLelland v. Ridge Tool Co., 350 F. Supp. 3d 773, 776 (W.D. Ark. 2018).

The costs to be awarded as a matter of course under Rule 54(d)(1) are listed in 28 U.S.C. § 1920 and 28 U.S.C. § 1821. Section 1920 provides that the court may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Section 1821 provides the following with respect to witness fees.

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section....
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(a)(1) and (b).

The United States Supreme Court has made it clear that 28 U.S.C. §§ 1821 and 1920 provide the default rules for what a federal court may award as "costs" in the absence of an explicit statutory instruction to the contrary:

> In the general "costs" statute, codified at §§ 1821 and 1920 of Title 28, Congress has specified six categories of litigation expenses that a federal court may award as "costs," and Congress has detailed how to calculate the amount of certain costs. Sections 1821 and 1920 in essence define what the term "costs" encompasses in the subject-specific federal statutes that provide for an award of costs. Sections 1821 and 1920 create a default rule and establish a clear baseline against which Congress may legislate. Consistent with that default rule, some federal statutes simply refer to "costs." In those cases, federal courts are limited to awarding the costs specified in §§ 1821 and 1920. If, for particular kinds of cases, Congress wants to authorize awards of expenses beyond the six categories specified in the general costs statute, Congress may do so. For example, some federal statutes go beyond §§ 1821 and 1920 to expressly provide for the award of expert witness fees or attorney's fees.

Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 877 (2019); see also W. Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86–87 (1991) (superseded by statute); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445; Nicholson v. Biomet, Inc., 537 F. Supp. 3d 990, 1036 (N.D. Iowa 2021), aff'd, No. 21-2263, 2022 WL 3642917 (8th Cir. Aug. 24, 2022) (echoing the United States Supreme Court sentiments when stating that "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's ... costs, federal courts are bound by the limitations set out in' [S]ection 1920.").

Here, Plaintiffs request an award of costs totaling $580,476.49, asserting that this amount represents all of the costs that they incurred during the course of this litigation and is recoverable as their "cost of the suit" under the ATA. (Doc. Nos. 59-7, 59-10). They have broken down their costs by firms as follows:

5

| Motley Rice LLC | |
|---|---|
| Category | Amount |
| Court Costs/Filing Fees | $804.78 |
| Estate and Family Court Work | $5,215.94 |
| Experts & Consultants (Including Mexican Co-Counsel) | $327,051.95 |
| Medical Records | $395.63 |
| Miscellaneous | $21.19 |
| Online Research | $12,849.86 |
| Postage & Delivery | $1,209.69 |
| Printing/Scanning | $5,035.99 |
| Reference Materials | $98.09 |
| Service of Process | $4,752.30 |
| Telephone | $528.26 |
| Translations | $61,422.69 |
| Travel | $109,859.90 |
| Trial Expenses (not including travel, hotels, meals, supplies, etc.) | $37,064.20 |
| **TOTAL** | $566,310.47 |

| Mitchell & Mitchell LLC | |
|---|---|
| Category | Amount |
| Travel | $13,496.75 |
| Court Fees | $499.80 |
| Miscellaneous | $169.47 |
| **TOTAL** | $14,166.02 |

(Id.).

In its July 15, 2022, order, the court directed Plaintiffs to file a supplemental memorandum to (1) address whether "costs" can be awarded in this case if they are not explicitly provided for in 28 U.S.C. § 1920, and (2) provide additional information regarding their claimed costs.

In their supplemental memorandum filed on July 29, 2022, Plaintiffs assert that the phrase "cost of the suit" as used in the ATA encompasses or includes litigation expenses beyond what is considered taxable under § 1920. They further assert that their claimed costs include reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys that may be included as part of a reasonable attorneys' fee award. See Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996). Acknowledging the dearth of case law addressing the recovery of costs under the ATA's civil remedy provision, they suggest that this court can look at how other courts have construed fee-shifting provisions containing language similar to the ATA's civil remedies provision, i.e., the fee-shifting provisions of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) and Section 4 of the Clayton Act, for guidance. In so doing, they emphasize that the Eighth Circuit endorsed a liberal interpretation of Section 4 of the Clayton Act in Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

Plaintiff's position that they are entitled to an award costs they incurred in pursuing this action has a certain allure given the defendant and the circumstances in this case. Nevertheless, although they may be deserving of such an award, the court is constrained by §§ 1821 and 1920 as the ATA does not explicitly authorize the taxation of certain costs that Plaintiffs are seeking to recover. In reaching this conclusion, the court has, as Plaintiffs suggested, considered how other courts have construed other fee-shifting provisions that allow for recovery of the "cost of the suit." It has also been mindful of the United States Supreme Court's pronouncements in Rimini that 28

U.S.C. § 1821 and § 1920 define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.

The ATA is similar to RICO and Section 4 of the Clayton Act in that it entitles successful litigants to recover treble damages, the cost of the suit, and reasonable attorney's fees. See 18 U.S.C. § 2333(a); 18 U.S.C. § 19649c); 15 U.S.C. § 15(a); see also Stansell v. Revolutionary Armed Forces of Columbia, No. 19-20896-CIV, 2020 WL 4692748, at *1 (S.D. Fla. July 16, 2020) (comparing the ATA to RICO and the Clayton Act).

The prevailing view is that the recovery of costs under Section 4 of the Clayton Act is limited by § 1920. For example, courts in the Seventh Circuit have held "that recovery of specific expenses pursuant to Section 4 of the Clayton Act is governed by the recovery of costs under Rule 54(d) and 28 U.S.C. § 1920." State of Ill. v. Sangamo Const. Co., 657 F.2d 855, 866 (7th Cir. 1981). Courts in the Second, Fourth, Fifth, Sixth, Ninth, and Tenth Circuits have also viewed "costs" in the Clayton Act in the same sense as "costs" in Fed. R. Civ. P. 54(d) and § 1920. See e.g, Reazin v. Blue Cross & Blue Shield of Kansas, Inc., 899 F.2d 951, 981 (10th Cir. 1990) (concluding that 15 U.S.C. § 15 does not allow for the recovery of expert witness fees in excess of the amount allowed by 28 U.S.C. § 1821); J.T. Gibbons, Inc. v. Crawford Fitting Co., 790 F.2d 1193, 1195 (5th Cir. 1986) ("[W]e agree with the Second, Sixth and Seventh Circuits that 15 U.S.C. § 15 does not authorize the taxing of excess expert witness' fees as costs."); Barber & Ross Co. v. Lifetime Doors, Inc., 810 F.2d 1276, 1282 (4th Cir. 1987) (noting that had Congress intended for expert fees to be recoverable under the Clayton Act, it would "have specifically authorized such recovery"); Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263, 309 n. 75 (2d Cir.1979) (reaffirming that "only costs recoverable by a successful plaintiff in a private antitrust suit are those normally allowable

under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)."); Ott v. Speedwriting Publishing Co., 518 F.2d 1143, 1149 (6th Cir.1975); Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 224 (9th Cir.), cert. denied, 379 U.S. 880 (1964) ("We hold that the only costs recoverable by a successful plaintiff in a private antitrust suit are those which are normally allowable under 28 U.S.C. § 1920 and Rule 54(d), and that such costs do not include accounting fees."). In re TFT-LCD (Flat Panel) Antitrust Litig., No. C 10-4572 SI, 2014 WL 1991269, at *2 (N.D. Cal. May 12, 2014), aff'd, 637 F. App'x 981 (9th Cir. 2016) (recognizing that a prevailing party had no basis to recover expert fees or other nontaxable costs under the Clayton Act). Conversely, in the context of a request for an award of costs incurred on appeal, the Eighth Circuit expressed favor for a more liberal interpretation of the Clayton Act, which allows an award of actual expenses incurred during litigation regardless of whether they are considered part of the "cost of the suit" or part of a "reasonable attorney's fee." See Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

This court finds the case law out of the Second, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits instructive and consistent with the Supreme Court's clear instructions in Rimini St., Inc. v. Oracle USA, Inc. 139 S. Ct. 873, 877 (2019). It further finds Plaintiffs' reliance on Alexander is misplaced. Alexander is factually distinguishable as it concerned the issues of costs incurred during the course of an appeal as opposed to district court costs. Moreover, it is again worth noting that in the 40 years following Alexander, the United States Supreme Court has repeatedly hammered home the point that explicit or express statutory authorization is required in order to award costs above and beyond what is provided for in §§ 1821 and 1920. See Rimini St.,139 S. Ct. at 877 (2019); W. Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86–87 (1991)

(superseded by statute); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445; see also Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573, (2012) ("Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." (internal quotation marks omitted)).

### 1. Court Costs/Filing Fees

Plaintiffs are claiming a total of $1,304.58 in court costs and filing fees. Court costs and fees are taxable under § 1920(1). Nevertheless, the court cannot award all of the courts costs and fees claimed by Plaintiffs as it cannot determine how they arrived at their total.

This court's Rule 54.1 provides in relevant part the following in regards to costs and attorney's fees.

> A party seeking an award of costs must serve and file a motion for costs no later than fourteen (14) days after entry of judgment. The motion must be accompanied by a <u>verified statement of costs that contains, for each category of costs being claimed, a detailed breakdown of each item of claimed costs within the category with sufficient description so that the item can be readily understood, together with a brief citation to the statutory or other legal authority that provides for recovery of the category of claimed costs, and any supporting documents that will be relied upon to establish the</u>
> <u>claim of costs</u>.
>
> The applicant's attorney must verify the statement of costs by affirming that the items are correct, the services were actually and necessarily performed, and the disbursements were necessarily incurred. A party's failure to comply with the foregoing procedures may be deemed a waiver of any or all of the claim for costs.

D.N.D. Civ. L.R. 54.1(A)(1) (emphasis added).

Plaintiffs have neither provided a detailed breakdown of each item of their claimed court costs or otherwise advised how they arrived at their total. Consequently, without more in the way of explanation, the court is not presently inclined to award court costs and filing fees other than the

10

civil filing fee and pro hac vice fees, which are recoverable as fees to the Clerk under § 1920. Nicholson v. Biomet, Inc., 537 F. Supp. 3d 990, 1033 (N.D. Iowa 2021) (citing Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009)).

It is apparent from the record that Plaintiffs payed the $400 filing fee as well as $750 in pro hac vice fees. Accordingly, the court will tax $1,200 in court costs and fees.

### 2. Estate and Family Court Work

Plaintiffs next seek an award of $5,215.94 in costs attributable to estate and family court work. The court previously expressed its reluctance to award to Plaintiffs costs they incurred in separate legal proceedings before a different court. The court appreciates that certain steps had to be taken in state court to address the representation of the decedents and minor victims in this case. Nevertheless, Plaintiffs presented nothing in the their supplemental brief in the way of argument or legal authority to persuade the court that the taxation of these costs is appropriate in this case. Moreover, neither the ATA nor § 1920 expressly provide for the recovery of such costs. Consequently, the court will not tax the $5,215.94 in estate and family court work as costs in this litigation.

### 3. Experts & Consultants (Including Mexican Co-Counsel)

Plaintiffs claim a total of $327,051.95 in expert and consultant costs and fees. Notably, they have not provided any information regarding the rates charged or hours worked by their experts and consultants or otherwise break down what costs attributable to what expert or consultant. The reference to Mexican co-counsel is also somewhat confusing as the court cannot ascertain from the material provided whether Plaintiffs are endeavoring to tax fees of experts and consultants used by Mexican co-counsel or whether they view Mexican co-counsel as an expert whose fees they are

endeavoring to tax.

In any event, whether Plaintiffs are deserving of these costs or whether they have submitted sufficient supporting documents is not dispositive. Rather, the question that is front and center is whether there is statutory authorization for the recovery of expert costs and fees. The short answer is that there is not. Thus, the court has no authority to tax costs for expert witness fees in excess of the statutory per diem, mileage and subsistence as set forth in 28 U.S.C. § 1821(b). Rimini St., Inc., 139 S. Ct. at 877; Crawford Fitting Co., 482 U.S. at 440-45.

"There is no doubt that Congress knows how to specify a shifting of expert witness fees." Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1032 (8th Cir. 2003). It has done so in at least 34 different statutes. See also West Virginia Univ. Hosps., Inc., 499 U.S. at 88–89 (noting that "[a]t least 34 statutes in 10 different titles of the United States Code explicitly shift attorney's fees and expert witness fees"), superseded by statute, 42 U.S.C. § 1988(c) (1994) (providing explicitly for an award of expert witness fees)). For whatever reason, Congress has not done so here.

There are a few older Eighth Circuit cases that allow for the recovery of actual expert witness fees when the testimony has been crucial to the resolution of the case. See Crues v. KFC Corp., 768 F.2d 230, 234-235 (8th Cir. 1985) (citing Nemmers v. City of Dubuque, 764 F.2d 502, 506 (8th Cir. 1985)). Occasionally, these cases are still cited as authority for the recovery of actual expert witness fees. However, the Eighth Circuit cases were decided prior to the Supreme Court pronouncement in Crawford Fitting Co.. In Crawford Fitting Co., the United States Supreme Court held that a prevailing party's recovery of expert witness fees could not exceed the statutory limit. 482 U.S. at 441-442. It reiterates this holding in Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 877 (2019).

In sum, the court concludes that the ATA's provision for the recovery of "cost of the suit" does not overrule or negate the limitations set forth in §§ 1821 and 1920. This court does not have the authority to tax costs beyond that allowed under 28 U.S.C. § 1821 and cannot award expert witness fees beyond the $40 per day limit, plus reasonable travel and subsistence, Plaintiffs recovery of costs pertaining to experts and consultants is limited to the amounts authorized by § 1821(b). Three witnesses designated as experts testified at trial. Two of these experts testimony concerned a conflagration that consumed the vehicle occupied by several of the *Miller* plaintiffs. The third expert testified about the *Miller* and *Langford* Plaintiffs ongoing trauma. The trial lasted four days. Assuming that the experts presence was required or could have been required on any or all of these four days and splitting the attendance fees for the third expert between the Miller and Langford plaintiffs, the *Miller* Plaintiffs are entitled to $400 in attendance fees.

### 4. Medical Records

Plaintiffs claim in costs for $395.63 medical records. This amount presumably represents the expenses incurred in obtaining and distributing Plaintiffs' medical records to experts for review. These records constitute items reasonably necessary in the preparation and presentation of Plaintiffs' claims. The costs associated with these records will therefore be taxed as 28 U.S.C. § 1920(4) is broad enough to cover them.

### 5. Miscellaneous

Plaintiffs are claiming $190.66 in miscellaneous costs. The court, in the exercise of its discretion is disinclined to authorize an award of costs as Plaintiffs have not provided a "sufficient description so that the item can be readily understood." D.N.D. Civ. L.R. 54.1(A)(1).

### 6. Online Research

Plaintiffs are claiming $12,849.86 in costs associated with online research. The Eighth Circuit has held that "if the prevailing party demonstrates that separately billing for [computerized legal search] is the 'prevailing practice in a given community' and that such fees are reasonable, the district court may award those costs." Hernandez v. Bridgestone Ams. Tire Operations, LLC, 831 F.3d 940, 950 (8th Cir. 2016) (quoting Missouri v. Jenkins, 491 U.S. 274, 287 (1989)); see also In re UnitedHealth Grp. Inc. S'holder Derivative Litig., 631 F.3d 913, 918–19 (8th Cir. 2011) (observing that the " prevailing view among other circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research" and that "the cost of online research is normally matched with a reduction in the amount of time an attorney researches").

The court finds that, with respect to this case, online research costs have been billed separately from counsel's hourly rates. See In re UnitedHealth Grp. Inc. S'holder Derivative Litig., 631 F.3d 913, 918 (recognizing that the typical practice is for lawyers to bill online research costs separately for their hourly rates); see also InvesSys, Inc. v. McGraw–Hill Cos., Ltd., 369 F.3d 16, 23 (1st Cir.2004) ("As configured by the provider, computer-aided research is often a variable cost in an individual case—that is, the cost varies (from zero upward) depending on the amount of Westlaw or Lexis service used in the case."); In re Continental Illinois Sec. Litig., 962 F.2d 566, 570 (7th Cir. 1992). ("[I]f reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of ... the computer."). The court further finds these costs to be reasonable. Consequently, the court shall include as part of the attorney's fees the $12,849.86 in costs associated with online research.

### 7. Postage & Delivery

Plaintiffs are claiming $1,209.69 in postage and delivery costs. Such costs are not recoverable under § 1920. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (noting deposition delivery costs are not recoverable); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) (" Section 1920 does not authorize taxing [Plaintiff] for Defendants' postage and delivery expenses."); Thompson v. United Transp. Union, No. 08–CV–65–LRR, 2009 WL 290472, at *6 (N.D. Iowa Jan. 26, 2009) ("Postage and delivery expenses for deposition transcripts are not recoverable under § 1920(2)."); see also Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996) (holding that postage expenses are "clearly nonrecoverable"). However, they may be recoverable as party of the attorneys' fee as an out-of-pocket expense provided that it is reasonable and the type of expense counsel normally charges its clients.

Counsel has attested that this is an out-of-pocket expense that it typically charges its clients. Finding that the expenses reasonable given the particular circumstances of this case, the court will include them in the award of attorneys' fees.

### 8. Printing/Scanning

Plaintiffs are claiming $5,035.99 in printing and scanning costs. 28 U.S.C. § 1920(4) authorizes the taxation of fees for "copies of papers necessarily obtained for use in the case." However, Plaintiffs have not submitted documentation to support these costs or otherwise provided a "sufficient description so that the item can be readily understood." D.N.D. Civ. L.R. 54.1(A)(1); see also Nicholson v. Biomet, Inc., 537 F. Supp. 3d 990, 1035 (N.D. Iowa 2021), aff'd, No. 21-2263, 2022 WL 3642917 (8th Cir. Aug. 24, 2022) (refusing to tax fees for copying and printing due to a

lack of documentation). Consequently, the court will not tax the §5,035.99 in printing and scanning costs.

### 9. Reference Materials

Plaintiffs are claiming $98.09 in reference materials. The court, in the exercise of its discretion is disinclined to tax costs of reference materials as Plaintiffs have not provided a "sufficient description so that the item can be readily understood." D.N.D. Civ. L.R. 54.1(A)(1).

### 10. Service of Process

Plaintiffs are claiming $4,752.30 in costs associated with service of process. These costs are attributable to the extensive efforts undertaken by Plaintiffs to effectuate service by publication.

Marshal's fees are taxable as costs under 28 U.S.C. § 1920(1). However, §1920 makes no provision for the use of a special process server or for service by publication. The Eighth Circuit Court of Appeals has interpreted this statute strictly. See e.g., Exec. Air Taxi Corp. v. City of Bismarck, N. Dakota, No. 1:04-CV-56, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (citing Crues v. KFC Corporation, 768 F.2d 230, 234 (8th Cir.1985)). "Some courts have given this statute a rather liberal reading since the Marshal's Service no longer regularly engages in the service of civil process." Id. Nevertheless, although the equities may favor the taxation of costs for service by publication, this court is bound by Crues until such time as the Eighth Circuit revisits the issue or Congress amends either 28 U.S.C. § 1920 or the ATA.

Although not taxable as costs, the court is inclined include in the attorneys' fee award the expenses incurred in connection with service of process by Plaintiffs. See e.g., Chenevert v. Smith, No. 5:20-CV-5172-TLB, 2021 WL 3008601, at *3 (W.D. Ark. July 15, 2021) (including services in the attorney's fee award); Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 17 (1st Cir. 2011) ("It

is settled beyond peradventure that reasonable expenses, necessary for the prosecution of a case, are ancillary to and may be incorporated as part of a fee award under a prototypical federal fee-shifting statute."). It is apparent from Plaintiffs' motion for entry of default against Defendant and the exhibits filed in support of the motion that Plaintiffs expended significant time and resources in their effort to serve Defendant by publication. (Doc. Nos. 23, 24). Consequently, the court finds the service costs to be reasonable given the particular circumstances of this case and will include them in the award of attorneys' fees.

### 11. Telephone

Plaintiffs are claiming $528.26 for telephone-related expenses. Section 1920 does not provide for the recover for such costs. Plaintiffs maintain that such costs are an out-of-pocket item that they typically charge their clients and are therefore recoverable as part of their attorneys' fees. Pinkham v. Camex, Inc., 84 F.3d 292, 294–95. Plaintiffs lack of any descriptor beyond the single word "telephone" is a little disconcerting. Nevertheless, the court accepts that this is an item for which counsel charges their clients as a matter of court. Consequently, it shall include these costs in the attorneys' fees award.

### 12. Translation

Plaintiffs are claiming $61,422.69 in translation costs. Section § 1920 provides for the "compensation for interpreters." 28 U.S.C. § 1920(6). The United States Supreme Court has determined that the "the ordinary or common meaning of 'interpreter' does not include those who translate writings" but instead is "normally understood as one who translates orally from one language to another." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 569. The import of this is that the cost of translating documents is not taxable under § 1920 but that the cost of oral translation

is taxable. Id. ("[T]he discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress." (internal quotation marks omitted)).

The court appreciates that Plaintiffs incurred substantial costs in retaining a translator. The services that the translator provided were of great value to Plaintiffs and to the court. However, the court cannot discern from what scant information provided by Plaintiffs what portion of the translator's costs are attributable to oral translation. Consequently, the court concludes that Plaintiffs have not provided a "sufficient description so that the item can be readily understood" to support an award of these costs. D.N.D. Civ. L.R. 54.1(A)(1).

### 13.  Travel

Plaintiffs are claiming $123,356.65 in travel expenses. Such expenses are not explicitly authorized by § 1920 and therefore are not taxable as costs. See Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1065 (S.D. Iowa 2008) (disallowing attorney travel expenses as a taxable cost); Calderon v. Witvoet, 112 F.3d 275, 276 (7th Cir.1997) (outlays for travel and related expenses are not listed in 28 U.S.C. § 1920 and, therefore, may not be reimbursed as costs); UNI–Systems, Inc. v. Delta Air Lines, Inc., No. 4–96–973, 2002 WL 505914, at *3 (D. Minn. Mar.28, 2002) ("It is also well established that attorneys' travel expenses are generally not allowable costs under § 1920."). However, they may be recoverable as part of any attorney's fee award as an out-of-pocket expense. Jenkins v. Kansas City Missouri Sch. Dist., 525 F.3d 682 n.1 (8th Cir. 2008) (citing Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir.1996)); see also Sturgill v. United Parcel Serv., Inc., 512 F.3d 1024, 1036 (8th Cir. 2008) (affirming district court's inclusion of attorney travel in its award of attorney's fees).

Plaintiffs' counsel has attested that travel expenses are the sort of item they typically charge

their clients and that extensive travel was necessitated by the particular circumstances of this case. The court appreciates that Plaintiffs, their counsel, their experts, and the court were separated by significant distances and thus is not prepared to conclude that these costs were unreasonable or unnecessary under the circumstances. Accordingly, the court, in its discretion, shall include or incorporate these costs in its award of attorneys' fees.

### 14. Trial Expenses (not including travel, hotels, meals, supplies, etc.)

Plaintiffs are claiming $37,064.20 in unspecified or miscellaneous trial expenses separate and apart from subsistence and transportation costs.  The court, in the exercise of its discretion is disinclined to tax costs these costs as Plaintiffs have not provided a "sufficient description so that the item can be readily understood." D.N.D. Civ. L.R. 54.1(A)(1).  The court is also disinclined to include these costs in the award of attorneys' fees.  Counsel may claim that these are out-of-pocket costs that they typically charge their clients.  However, if given as little information as has been given the court about what these expenses consist of or pertain to, it is doubtful that any client would agree to pay them.

### III. CONCLUSION

Plaintiffs' "Application for Attorneys Fees and Costs under 18 U.S.C. § 2333(a)" (Doc. No. 59) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs are awarded attorneys' fees in the amount of $4,734,922.26.  Plaintiffs are awarded costs and disbursements in the amount of $131,842.53, as allowed under 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2022.

/s/ Clare R. Hochhlater
Clare R. Hochhalter, Magistrate Judge
United States District Court