**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Howard J. Miller, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea,<br><br>Defendant. | ) | **ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>Case No. 1:20-cv-132 |

Before the court is an "Application for Attorneys Fees and Costs under 18 U.S.C. § 2333(a)" filed on June 10, 2022, by the *Langford* Plaintiffs. (Doc. No. 60). For the reasons that follow the motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs in Miller, et al. v. Juárez Cartel, Case No. 1:20-cv-132, and Plaintiffs in Langford et al. v. Juarez Cartel, et al., Case No. 1:20-cv-00159, respectively filed suit against Defendant on July 23 and September 21, 2020, seeking to recover damages under the Anti-Terrorism Act, 18 U.S.C. § 2333 et seq., for acts of terrorism perpetrated by defendant on November 4, 2019. The two cases were ordered consolidated by the court on October 16, 2020.

Defendant was served by publication but failed to appear or otherwise defend this consolidated action. On application by the Plaintiffs, the Clerk's office entered default against defendant on December 7, 2020. At the request of the Plaintiffs, the court convened trial on February 7, 2022. At trial counsel presented evidence and testimony regarding Defendant's liability for damages sustained by Plaintiffs as a result of Defendant's acts of terrorism. On June 24, 2022,

the court issued its findings of fact, conclusions of law, and order for judgment in which it found for Plaintiffs. The *Langford* Plaintiffs now seek to recover their costs and attorneys' fees.

## II. DISCUSSION

The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a) (emphasis added).

### A. Attorneys Fees

It is well-established that determining the amount of reasonable attorney's fees to award prevailing plaintiffs in civil litigation is within the sound discretion of the trial court. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The starting point for a determination of reasonable attorney's fees is a calculation of the "lodestar figure" which is the product of the number of hours reasonably expended times a reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559 (1992); Blanchard v. Bergeron, 489 U.S. 87, 94 (1989).

In Hensley, the United States Supreme Court defined the role of the lodestar methodology:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

> unnecessary . . . . "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

Hensley, 461 U.S. at 433-34 (internal citations omitted) (emphasis in original).

In Hensley, the United States Supreme Court explained that a trial court may consider the twelve factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to adjust the lodestar amount. Id. at 434 n.9. The twelve Johnson factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3. Trial courts have been instructed to use their own knowledge relating to various aspects of the lodestar. "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities." Gilbert v. City of Little Rock, 867 F.2d 1063, 1066 (8th Cir. 1989).

As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). The party seeking an award of attorney's fees bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The district court is in the best position to understand what services are reasonable and what hourly rates are appropriate in the

relevant market. Al-Birekdar v. Chrysler Group, LLC, 499 F. App'x 641, 648 (8th Cir. 2013) (holding the district court did not abuse its discretion in reducing the requested hourly rates).

The *Langford P*laintiffs are requesting attorneys' fees in the amount of $1,036,048.00. In an exhibit to their motion they have broken the prevailing market rates, hours bills and loadstar figures for counsel and staff at Ballard Spahr and Robblins Kaplan. Attorney Timothy Purdon's rate was $625 per hour. Attorney Seth Zawilla's rate was $485 per hour. Attorney Mark S. Kokanovich's rate was $660 per hour.

Plaintiffs assert that their request for attorneys' fees is reasonable given the expertise and experience of counsel and the complexities of this case in terms of facts, law, and case management. Counsel is seeking their customary hourly rates for services they charge clients in their respective markets in similarly complex matters. In support of their request they have submitted declarations from and the qualifications of counsel along with summaries of counsels' billable time and expenses incurred during the initiation, preparation, and prosecution of this case.

The court has reviewed the hours claimed for the work performed as reflected in Plaintiffs' motion and the attached supplemental materials and finds them to be reasonable and necessary given the particular circumstances of this case. The court further finds that the rates for counsel, who ably represented Plaintiffs throughout these proceedings, are also reasonable. In so finding, the court notes the complexity of this case, the logistical challenges in prosecuting a case such as this as well as the particular experience and expertise of counsel. The court further notes that, to its knowledge, there is no similar work in this district for comparison purposes but that the rates and hours being claimed here are commensurate with rates approved by counsel for other complex matters. Consequently, the court shall grant Plaintiff's request for attorneys' fees. The court shall next turn

to Plaintiff's request for an award of costs.

**B. Costs**

Fed. R. Civ. P. 54(d)(1) provides for an award of costs to the prevailing party. There is a presumption in favor of the award of costs. Sun Ship v. Lehman, 655 F.2d 1311 (D.C. Cir. 1981). District courts nevertheless retain substantial discretion in making such an award. See e.g., McLelland v. Ridge Tool Co., 350 F. Supp. 3d 773, 776 (W.D. Ark. 2018).

The costs to be awarded as a matter of course under Rule 54(d)(1) are listed in 28 U.S.C. § 1920and 28 U.S.C. § 1821. Section 1920 provides that the court may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The United States Supreme Court has made it clear that 28 U.S.C. § 1920 provides the default rules for what a federal court may award as "costs" in the absence of an explicit statutory instruction to the contrary:

> In the general "costs" statute, codified at §§ 1821 and 1920 of Title 28, Congress has specified six categories of litigation expenses that a federal court may award as "costs," and Congress has detailed how to calculate the amount of certain costs. Sections 1821 and 1920 in essence define what the term "costs" encompasses in the

> subject-specific federal statutes that provide for an award of costs. Sections 1821 and 1920 create a default rule and establish a clear baseline against which Congress may legislate. Consistent with that default rule, some federal statutes simply refer to "costs." In those cases, federal courts are limited to awarding the costs specified in §§ 1821 and 1920. If, for particular kinds of cases, Congress wants to authorize awards of expenses beyond the six categories specified in the general costs statute, Congress may do so. For example, some federal statutes go beyond §§ 1821 and 1920 to expressly provide for the award of expert witness fees or attorney's fees.

Rimini St., Inc. v. Oracle USA, Inc 139 S. Ct. 873, 877 (2019); see also W. Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86–87 (1991) (superseded by statute); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445; Nicholson v. Biomet, Inc., 537 F. Supp. 3d 990, 1036 (N.D. Iowa 2021), aff'd, No. 21-2263, 2022 WL 3642917 (8th Cir. Aug. 24, 2022) (echoing the United States Supreme Court sentiments when stating that "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's ... costs, federal courts are bound by the limitations set out in' [S]ection 1920.").

Here, Plaintiffs request an award of costs totaling $49,833.91, asserting that this amount represents all of the costs that they incurred during the course of this litigation and is recoverable as their "cost of the suit" under the ATA. They have broken down their claimed costs and fees by firm as follows:

| **Robins Kaplan** | |
|---|---|
| **Category** | **Amount** |
| Copies | $181.17 |
| Filing Fees | $726.50 |
| Court Reporter | $1,592.85 |
| **TOTAL** | **$2,500.52** |

(Doc. No. 69-1).

| Ballard Spahr | |
|---|---|
| **Category** | **Amount** |
| Travel | $22,313.05 |
| Filing Fees | $2,336.60 |
| Delivery Fees | $282.31 |
| Expert Fees | $20,304.75 |
| Publication of Notice Mexico | $1,668.70 |
| Research | $427.98 |
| **TOTAL** | **$47,333.39** |

(Doc. No. 70-1).

In its July 15, 2022, order, the court directed Plaintiffs to file a supplemental memorandum to (1) address whether "costs" can be awarded in this case if they are not explicitly provided for in 28 U.S.C. § 1920, and (2) provide additional information regarding their claimed costs.

On July 29, 2022, Plaintiffs filed affidavits supplement their motion. (Doc. Nos. 69, 70). Having now reviewed the motion and supplemental affidavits, the court concludes that the costs that may be awarded in this case are limited to the categories expressly provided for in § 1920. In reaching this conclusion, the court has considered how other courts have construed other fee-shifting provision that allow for recovery of the "cost of the suit." It has also been mindful of the United States Supreme Court's pronouncements in Rimini that 28 U.S.C. § 1821 and § 1920 define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.

The ATA is similar to RICO and Section 4 of the Clayton Act in that it entitles successful litigants to recover treble damages, the cost of the suit, and reasonable attorneys' fees. See 18 U.S.C. § 2333(a); 18 U.S.C. § 1964(c); 15 U.S.C. § 15(a); see also Stansell v. Revolutionary Armed

Forces of Columbia, No. 19-20896-CIV, 2020 WL 4692748, at *1 (S.D. Fla. July 16, 2020) (comparing the ATA to RICO and the Clayton Act).

The prevailing view is that the recovery of costs under Section 4 of the Clayton Act is limited by § 1920. For example, courts in the Seventh Circuit have held "that recovery of specific expenses pursuant to Section 4 of the Clayton Act is governed by the recovery of costs under Rule 54(d) and 28 U.S.C. § 1920." State of Ill. v. Sangamo Const. Co. 657 F.2d 855, 866 (7th Cir. 1981). Courts in the Second, Fourth, Fifth, Sixth, Ninth, and Tenth Circuits have also viewed "costs" in the Clayton Act in the same sense as "costs" in Fed. R. Civ. P. 54(d) and § 1920. See e.g, Reazin v. Blue Cross & Blue Shield of Kansas, Inc., 899 F.2d 951, 981 (10th Cir. 1990) (concluding that 15 U.S.C. § 15 does not dot allow for the recovery of expert witness fees in excess of the amount allowed by 28 U.S.C. § 1821); J.T. Gibbons, Inc. v. Crawford Fitting Co., 790 F.2d 1193, 1195 (5th Cir. 1986) ("[W]e agree with the Second, Sixth and Seventh Circuits that 15 U.S.C. § 15 does not authorize the taxing of excess expert witness' fees as costs."); Barber & Ross Co. v. Lifetime Doors, Inc., 810 F.2d 1276, 1282 (4th Cir. 1987) (noting that had Congress intended for expert fees to be recoverable under the Clayton Act, it would "have specifically authorized such recovery"); Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263, 309 n. 75 (2d Cir.1979) (reaffirming that "only costs recoverable by a successful plaintiff in a private antitrust suit are those normally allowable under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)."); Ott v. Speedwriting Publishing Co., 518 F.2d 1143, 1149 (6th Cir.1975); Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 224 (9th Cir.), cert. denied, 379 U.S. 880 (1964) ("We hold that the only costs recoverable by a successful plaintiff in a private antitrust suit are those which are normally allowable under 28 U.S.C. § 1920 and Rule 54(d), and that such costs do not include accounting fees."). In re TFT-LCD (Flat Panel) Antitrust Litig., No. C 10-4572 SI, 2014 WL 1991269, at *2 (N.D. Cal. May 12, 2014), aff'd, 637

F. App'x 981 (9th Cir. 2016) (recognizing that a prevailing party had no basis to recover expert fees or other nontaxable costs under the Clayton Act). Conversely, in the context of a request for an award of costs incurred on appeal, the Eighth Circuit expressed favor for a more liberal interpretation of the Clayton Act, which allows an award of actual expenses incurred during litigation regardless of whether they are considered part of the "cost of the suit" or part of a "reasonable attorney's fee." See Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

This court finds the case law out of the Second, Fourth, Fifth, Sixth, Seventh Ninth, and Tenth Circuits instructive and consistent with the Supreme Court's clear instructions in Rimini St., Inc. v. Oracle USA, Inc. 139 S. Ct. 873, 877 (2019). Alexander is factually distinguishable from the instant the case as it concerned the issues of costs incurred during the course of an appeal as opposed district court costs. Moreover, it is again worth noting that in the 40 years following Alexander, the United States Supreme Court has repeatedly hammered home the point that explicit or express statutory authorization in order to award costs above and beyond what is authorized by §§ 1821 and 1920. See Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 877 (2019); W. Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86–87 (1991) (superseded by statute); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445; see also Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573, (2012) ("Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." (internal quotation marks omitted).

**1. Filing Fees**

Plaintiffs are claiming a total of $3,063.10 in filing fees. Court costs and fees are taxable

under § 1920(1). Nevertheless, the court cannot award all of the courts costs and fees claimed by Plaintiffs as it cannot determine from the information they have provided how they arrived at their total.

This court's Rule 54.1 provides in relevant part the following in regards to costs and attorney's fees.

> A party seeking an award of costs must serve and file a motion for costs no later than fourteen (14) days after entry of judgment. The motion must be accompanied by a <u>verified statement of costs that contains, for each category of costs being claimed, a detailed breakdown of each item of claimed costs within the category with sufficient description so that the item can be readily understood, together with a brief citation to the statutory or other legal authority that provides for recovery of the category of claimed costs, and any supporting documents that will be relied upon to establish the claim of costs</u>.
>
> The applicant's attorney must verify the statement of costs by affirming that the items are correct, the services were actually and necessarily performed, and the disbursements were necessarily incurred. A party's failure to comply with the foregoing procedures may be deemed a waiver of any or all of the claim for costs.

D.N.D. Civ. L.R. 54.1(A)(1) (emphasis added).

Plaintiffs have neither provided a detailed breakdown of the each item of their claimed court costs or otherwise advised how they arrived at their total. Consequently, without more in the way of explanation, the court is not presently inclined to award court costs and filing fees other than the civil filing fee and pro hac vice fees, which are recoverable as fees to the Clerk under § 1920. <u>Nicholson v. Biomet, Inc.</u>, 537 F. Supp. 3d 990, 1033 (N.D. Iowa 2021) (citing <u>Craftsmen Limousine, Inc. v. Ford Motor Co.</u>, 579 F.3d 894, 898 (8th Cir. 2009).

It is apparent from the record that Plaintiffs payed the $400 filing fee as well as in $600 in pro hac vice fees. Accordingly, the court will tax $1,000 in filing fees.

**2. Copies**

Plaintiffs are claiming $181.17 in printing and scanning costs. 28 U.S.C. § 1920(4) authorizes the taxation of fees for "copies of papers necessarily obtained for use in the case." However, Plaintiffs have not submitted documentation to support these costs or otherwise provided a "sufficient description so that the item can be readily understood." D.N.D. Civ. L.R. 54.1(A)(1); see also Nicholson v. Biomet, Inc., 537 F. Supp. 3d 990, 1035 (N.D. Iowa 2021), aff'd, No. 21-2263, 2022 WL 3642917 (8th Cir. Aug. 24, 2022) (refusing to tax fees for copying and printing due to a lack of documentation). Consequently, the court will not tax the §181.17 in copying costs.

**3. Travel**

Plaintiffs are claiming $22,313.05 in travel expenses. Such expenses are not explicitly authorized by § 1920 and therefore are not taxable as costs. See Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1065 (S.D. Iowa 2008) (disallowing attorney travel expenses as a taxable cost); Calderon v. Witvoet, 112 F.3d 275, 276 (7th Cir.1997) (outlays for travel and related expenses are not listed in 28 U.S.C. § 1920 and, therefore, may not be reimbursed as costs); UNI–Systems, Inc. v. Delta Air Lines, Inc., No. 4–96–973, 2002 WL 505914, at *3 (D. Minn. Mar.28, 2002) ("It is also well established that attorneys' travel expenses are generally not allowable costs under § 1920."). However, they may be recoverable as part of any attorney's fee award as an out-of-pocket expense. Jenkins v. Kansas City Missouri Sch. Dist., 525 F.3d 682 n.1 (8th Cir. 2008) (citing Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir.1996)); see also Sturgill v. United Parcel Serv., Inc., 512 F.3d 1024, 1036 (8th Cir. 2008) (affirming district court's inclusion of attorney travel in its award of attorney's fees).

Plaintiffs' counsel has attested that travel expenses are the sort of item they typically charge their clients and that extensive travel was necessitated by the particular circumstances of this case.

The court appreciates that Plaintiffs, their counsel, their experts, and the court were separated by significant distances and thus is not prepared to conclude that these costs were unreasonable or unnecessary under the circumstances. Accordingly, the court, in its discretion, shall include these costs in its award of attorneys' fees.

**4. Delivery Fees**

Plaintiffs are claiming $282.31 in delivery fees. Such costs are not recoverable under § 1920. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir.2006) (noting deposition delivery costs are not recoverable); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) (" Section 1920 does not authorize taxing [Plaintiff] for Defendants' postage and delivery expenses."); )Thompson v. United Transp. Union, No. 08–CV–65–LRR, 2009 WL 290472, at *6 (N.D. Iowa Jan. 26, 2009) ("Postage and delivery expenses for deposition transcripts are not recoverable under § 1920(2)."); see also Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996) (holding that postage expenses are "clearly nonrecoverable"). However, they may be recoverable as party of the attorneys' fee as an out-of-pocket expense provided that it is reasonable and the type of expense counsel normally charges its clients.

Counsel has attested that this is an out-of-pocket expense that it typically charges its clients. Finding that the expenses reasonable given the particular circumstances of this case, the court will include them in the award of attorneys' fees.

**5. Expert Fees**

Plaintiffs claim a total of $20,304.75 in expert fees. Notably, they have not provided any information regarding the rates charged or hours worked by their experts or otherwise break down what costs attributable to what expert or consultant. In any event, whether Plaintiffs are deserving

of these costs or whether they have submitted sufficient supporting documents is not dispositive. Rather, the question that is front and center is whether there is statutory authorization for the recovery of expert costs and fees. The short answer is that there is not. Thus, the court has no authority to tax costs for expert witness fees in excess of the statutory per diem, mileage and subsistence as set forth in 28 U.S.C. § 1821(b). Rimini St., Inc. v. Oracle USA, Inc 139 S. Ct. 873, 877; Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-45.

"There is no doubt that Congress knows how to specify a shifting of expert witness fees." Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1032 (8th Cir. 2003). It has done so in at least 34 different statutes. See also West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 88–89 (1991) (noting that "[a]t least 34 statutes in 10 different titles of the United States Code explicitly shift attorney's fees and expert witness fees"), superseded by statute, 42 U.S.C. § 1988(c) (1994) (providing explicitly for an award of expert witness fees). For whatever reason, Congress has not done so here.

There are a few older Eighth Circuit cases that allow for the recovery of actual expert witness fees when the testimony has been crucial to the resolution of the case. See Crues v. KFC Corp., 768 F.2d 230, 234-235 (8th Cir. 1985) (citing Nemmers v. City of Dubuque, 764 F.2d 502, 506 (8th Cir. 1985)). Occasionally, these cases are still cited as authority for the recovery of actual expert witness fees. However, the Eighth Circuit cases were decided prior to the Supreme Court pronouncement in Crawford Fitting Co.; see C. Wright, A. Miller, & M. Kane Federal Practice and Procedure: Civil 3d § 2678 (1998). In Crawford Fitting Co., the United States Supreme Court held that a prevailing party's recovery of expert witness fees could not exceed the statutory limit. 482 U.S. at 441-442. It reiterates this holding in Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 877 (2019).

In sum, the court concludes that the ATA's provision for the recovery of "cost of the suit"

does not overrule or negate the limitations set forth in §§ 1821 and 1920. This court does not have the authority to tax costs beyond that allowed under 28 U.S.C. § 1821 and cannot award expert witness fees beyond the $40 per day limit, plus reasonable travel and subsistence, Plaintiffs recovery of costs pertaining to experts and consultants is limited to the amounts authorized by § 1821(b). Three witnesses designated as experts testified at trial. Two of these experts testimony concerned a conflagration that consumed the vehicle occupied by several of the *Miller* plaintiffs. The third expert testified about the *Miller* and *Langford* Plaintiffs ongoing trauma. The trial lasted four days. Assuming that the third expert's presence was required or could have been required on any or all of these four days and splitting the attendance fees for the third expert between the *Miller* and *Langford* plaintiffs, the Langford Plaintiffs are entitled to $80 in attendance fees.

**6. Publication of Notice in Mexico**

Plaintiffs are claiming $1,668.70 in costs associated with service of process. These costs are attributable to the extensive efforts undertaken by Plaintiffs to effectuate service by publication.

Marshal's fees are taxable as costs under 28 U.S.C. § 1920(1). However, §1920 makes no provision for the use of a special process server or for service by publication. The Eighth Circuit Court of Appeals has interpreted this statute strictly. See e.g., Exec. Air Taxi Corp. v. City of Bismarck, N. Dakota, No. 1:04-CV-56, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (citing Crues v. KFC Corporation, 768 F.2d 230, 234 (8th Cir.1985)). "Some courts have given this statute a rather liberal reading since the Marshal's Service no longer regularly engages in the service of civil process." Id. Nevertheless, although the equities may favor the taxation of costs for service by publication, this court is bound by Crues until such time as the Eighth Circuit revisits the issue or Congress amends either 28 U.S.C. § 1920 or the ATA.

Although not taxable as costs, the court is inclined include the expenses of incurred in

connection with service of process in the attorneys' fee award. See e.g., Chenevert v. Smith, No. 5:20-CV-5172-TLB, 2021 WL 3008601, at *3 (W.D. Ark. July 15, 2021) (including services in the attorney's fee award); Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 17 (1st Cir. 2011) ("It is settled beyond peradventure that reasonable expenses, necessary for the prosecution of a case, are ancillary to and may be incorporated as part of a fee award under a prototypical federal fee-shifting statute."). It is apparent from Plaintiffs' motion for leave entry of default against defendants and the exhibits filed in support of the motion that Plaintiffs expended significant time and resources in their effort to serve defendants by publication. Consequently, the court finds the service costs to be reasonable given the particular circumstances of this case and will include them in the award of attorneys' fees.

**7. Research**

Plaintiffs are claiming $427.98 in costs associated with research. The Eighth Circuit has held that "if the prevailing party demonstrates that separately billing for [computerized legal search] is the 'prevailing practice in a given community' and that such fees are reasonable, the district court may award those costs." Hernandez v. Bridgestone Ams. Tire Operations, LLC, 831 F.3d 940, 950 (8th Cir. 2016) (quoting Missouri v. Jenkins, 491 U.S. 274, 287 (1989)); see also In re UnitedHealth Grp. Inc. S'holder Derivative Litig., 631 F.3d 913, 918–19 (8th Cir. 2011) (observing that the "prevailing view among other circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research" and that "the cost of online research is normally matched with a reduction in the amount of time an attorney researches").

The court finds that, with respect to this case, online research costs have been billed separately from counsel's hourly rates. See In re UnitedHealth Grp. Inc. S'holder Derivative Litig., 631 F.3d 913, 918 (recognizing that the typical practice is for lawyers to bill online research costs

separately for their hourly rates); see also InvesSys, Inc. v. McGraw–Hill Cos., Ltd., 369 F.3d 16, 23 (1st Cir.2004) ("As configured by the provider, computer-aided research is often a variable cost in an individual case—that is, the cost varies (from zero upward) depending on the amount of Westlaw or Lexis service used in the case."); In re Continental Illinois Sec. Litig., 962 F.2d 566, 570 (7th Cir. 1992). ("[I]f reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of ... the computer."). The court further finds these costs to be reasonable. Consequently, the court shall include the $427.98 in costs associated with online research as part of the award for attorneys' fees.

## III. CONCLUSION

Plaintiffs' "Application for Attorneys Fees and Costs under 18 U.S.C. § 2333(a)" (Doc. No. 60) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are awarded attorneys' fees in the amount of $1,060,457.73 Plaintiffs are awarded costs and disbursements in the amount of $1080.00, as allowed under 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2022.

/s/ Clare R. Hochhlater
Clare R. Hochhalter, Magistrate Judge
United States District Court