UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

---

HOWARD J. MILLER, et al.,

                Plaintiffs,

    v.

JUÁREZ CARTEL a/k/a VICENTE CARRILLO
FUENTES ORGANATION (a/k/a "CFO"),
a/k/a LA LINEA,

                Defendant.

---

No. 1:20-cv-00132 (DMT) (CRH)

## PROTECTIVE AGREEMENT AND ORDER

WHEREAS, on or about April 27, 2023, Plaintiffs Howard J. Miller *et al.* ("Plaintiffs") served a subpoena on non-party JPMorgan Chase Bank, N.A. ("JPMCB") in this proceeding (the "Action"); and

WHEREAS, on May 18, 2023, Plaintiffs served a substantively similar subpoena in the Action on non-party The Bank of New York Mellon ("BNY Mellon") (collectively, the "Subpoenas"); and

WHEREAS, the Subpoenas call for the production of various documents held, respectively, by BNY Mellon and JPMCB, most or all of which will include confidential information; and

WHEREAS, each bank's compliance with the Subpoenas will be undertaken primarily or exclusively in New York;

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, BNY Mellon and JPMCB, by and through their respective undersigned counsel, as follows:

1.    This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by BNY Mellon and JPMCB to Plaintiffs pursuant to the Subpoenas and any future subpoenas that Plaintiffs may serve on either bank in connection with the Action.

2.    The term "Confidential Information" as used in this Agreement means any record, spreadsheet, or other document produced by BNY Mellon or JPMCB in response to the Subpoenas that either bank, after reviewing such record, spreadsheet or other document, reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Agreement shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by BNY Mellon and JPMCB. BNY Mellon and JPMCB may designate any such record, spreadsheet, or other document for protection under the terms of this Agreement by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3.    If Plaintiffs contend that materials designated by BNY Mellon or JPMCB should not be deemed Confidential Information under this Protective Agreement and Order, they shall so notify BNY Mellon or JPMCB within 14 days from the receipt of such designation. Upon receipt of such notification, Plaintiffs and BNY Mellon or JPMCB shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Plaintiffs and the bank(s) are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

2

4.      Plaintiffs shall not use or disclose the Confidential Information for any purpose other than (i) in the Action, and specifically to enforce Plaintiffs' judgment against defendant Juarez Cartel; or (ii) in garnishment, execution, or similar proceedings that Plaintiffs may commence in the future to enforce their judgment (the "Judgment Enforcement Proceedings").

5.      Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action and the Judgment Enforcement Proceedings, but only on the condition that Plaintiffs shall first request that the court before which the Judgment Enforcement Proceeding is pending permit such Confidential Information to be filed under seal unless BNY Mellon or JPMCB expressly waives that requirement in writing.

6.      Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Action and Judgment Enforcement Proceedings:

a.   Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

b.   Experts or consultants assisting counsel for those parties in the Action and Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

c.   Potential, anticipated and actual witnesses, and their counsel, in the Action or the Judgment Enforcement Proceedings, but only after such witnesses have signed the

3

agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

d.  The Court in the Action and in the Judgment Enforcement Proceedings; and

e.  Court reporters employed in connection with the Action and Judgment Enforcement Proceedings.

7.      Before counsel may show or disclose Confidential Information pursuant to Section 6 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order.  Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 6 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or the Judgment Enforcement Proceedings.

8.      The inadvertent disclosure by BNY Mellon or JPMCB of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and BNY Mellon and JPMCB shall have the right to have the document or information returned to them.  Nor shall this Protective Agreement and Order be construed as requiring BNY Mellon or JPMB, or any of their respective branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction.  The inadvertent disclosure in violation of any such law shall not be considered a waiver of BNY Mellon's or JPMCB's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

4

9.      The obligations under this Protective Agreement and Order shall survive the termination of the Action and the Judgment Enforcement Proceedings and shall continue to bind Plaintiffs, BNY Mellon, JPMCB and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

10.     This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles.  Any action or proceeding for the alleged breach of, or otherwise related in any way to, this Protective Agreement and Order shall be brought in the United States District Court for the Southern District of New York.  The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York.

11.     Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

12.     The parties may sign this Protective Agreement and Order digitally and transmit it by email.  Electronic signatures of this Protective Agreement and Order shall have the same force and effect as original signatures.

13.     BNY Mellon's and JPMCB's entry into this Protective Agreement and Order shall not be deemed a waiver of any of their respective objections or defenses to the Subpoenas or to any subsequent subpoenas that Plaintiffs may serve on BNY Mellon or JPMCB.

Dated:  June 21, 2023

5

MOTLEY RICE LLP

By: _____

Michael Elsner
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29465
(843) 216-9000
melsner@motleyrice.com

ROBINS KAPLAN LLP

By: _____

Timothy Purdon
1207 West Divide Avenue
Suite 200
Bismarck, North Dakota 58501
(701) 255-7000
tpurdon@robinskaplan.com

*Co-Counsel for Plaintiffs*

KATSKY KORINS LLP

By: _____

Steven B. Feigenbaum
605 Third Avenue
New York, New York 10158
(212) 953-6000
sfeigenbaum@katskykorins.com
*Attorneys for Non-Parties The Bank of
New York Mellon and JPMorgan Chase
Bank, N.A.*

SO ORDERED:                    June __, 2023

_____

United States District Judge

6

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have been informed that on June ___, 2023, the United States District Court for the District of North Dakota entered a Protective Agreement and Order (the "Protective Order") in the litigation entitled *Howard J. Miller, et al. v. Juarez Cartel a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea*, Civil Action No. 1:20-cv-00132DMT-CRH. I have read the Protective Order, I agree to abide by the obligations of the Protective Order as they apply to me, I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me, and I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Protective Order, including my receipt or review of information that has been designated as "Confidential Information." The undersigned acknowledges that his or her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____